UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>G. MATTESON, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-2838-TLN-JDP (P)<br><br>ORDER |

Defendants Wamble and Robarge, the assistant warden and a correctional officer at California State Prison-Solano, removed this action from Solano County Superior Court on October 15, 2024.[1]  ECF No. 1.  Plaintiff is a state inmate proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983.  In his complaint, he alleges that defendants were negligent and failed to adequately protect him from contracting COVID-19.  Plaintiff fails to state cognizable claims against defendants in their official capacities, but he does state potentially colorable claims against defendants in their individual capacities.  Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the claims against defendants in their individual capacities.

---

[1] Defendant Matteson consented to removal.  ECF No. 1 at 2.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was housed in California State Prison-Solano during the height of the COVID-19 pandemic. ECF No. 1 at 8. He alleges that he was at a higher risk of contracting COVID-19 because he had asthma and valley fever. *Id.* He alleges that he made an accommodation request with the prison, in which he specifically referenced the fact that he had

1 chronic health conditions, and asked to be quarantined away from COVID-positive inmates in a
2 single-occupancy cell. *Id.* Wamble, one of the individuals who reviewed the request, denied the
3 request. *Id.* Plaintiff appealed the denial, which Robarge denied. *Id.* at 9. Plaintiff escalated the
4 appeal to a second level of review, where plaintiff's appeal was again denied, this time by
5 Matteson. *Id.* Plaintiff alleges that the denials of his request left him housed amongst COVID-
6 positive inmates, leading to him ultimately contract COVID-19. *Id.* Plaintiff specifically alleges
7 that each defendant was aware of the substantial risk to his health, and that they failed to take
8 reasonable measures to prevent that risk. *Id.* at 11-13. He also alleges that the defendants were
9 negligent, because: they had a duty to ensure plaintiff was distanced from sick inmates, they
10 breached that duty by denying his requests, and he suffered damages after contracting COVID-19
11 as a result. *Id.* at 13. In his prayer for relief, plaintiff specifically seeks only monetary damages.
12 *Id.* at 13-14. Additionally, plaintiff brought the claims against the defendants in their individual
13 and official capacities, and he named ten "Doe" defendants. *Id.* at 7.

14 Plaintiff's complaint states a cognizable Eighth Amendment failure to protect claim. An
15 Eighth Amendment claim premised on prison officials' failure to protect the plaintiff requires the
16 plaintiff to allege that the deprivation alleged was objectively sufficiently serious, meaning the
17 conditions posed a substantial risk of serious harm, and that the defendants were deliberately
18 indifferent to that harm. *Farmer v. Brennan*, 511 U.S. 825, 934 (1994). There is no question that
19 COVID-19 poses a substantial risk of serious harm to inmates. *Plata v. Newsom*, 445 F. Supp. 3d
20 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of
21 serious harm" to prisoners). To be deliberately different to a substantial risk of serious harm,
22 defendants must be subjectively aware of the risk and fail to take reasonable measures to prevent
23 such risk. *Farmer*, 511 U.S. at 847. Plaintiff alleges defendants were aware of a substantial risk
24 to his health should he be exposed to COVID-19, because he informed each named defendant,
25 and those unnamed who also reviewed his initial request, that he suffered from asthma and valley
26 fever. ECF No. 1 at 8, 11-13. But each defendant failed to take reasonable measures to prevent
27 that risk by denying his accommodation request and housing him with COVID-positive inmates.
28

3

*Id.* at 8-9, 11-13. As such, plaintiff's allegations state a cognizable Eighth Amendment claim against Wamble, Robarge, Matteson, and the "Doe" defendants in their individual capacities.

Plaintiff also states a cognizable state law negligence claim. *See Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (noting the elements of a negligence claim under California law are (1) defendant had a duty to plaintiff; (2) defendant breached that duty; (3) there was a connection between the breach and plaintiff's injuries; and (4) damages). Plaintiff alleges that the defendants had a duty to protect him, which they breached, leading him to suffer damages. ECF No. 1 at 13. As such, plaintiff sufficiently alleges a state law negligence claim against Wamble, Robarge, Matteson, and the "Doe" defendants in their individual capacities.

However, plaintiff's claims against all defendants in their official capacities—named or unnamed—fail. Claims for damages against a state official in his or her official capacity are, absent a waiver by the State or congressional override, barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). There is no waiver here, and § 1983 has not abrogated a State's immunity under the Eleventh Amendment. *See Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). Eleventh Amendment immunity also applies to plaintiff's state law claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

As such, plaintiff may either notify the court that he wishes to proceed on his cognizable Eighth Amendment failure to protect claim and state law negligence claims against defendants in their individual capacities, in which case I will direct service, or he may elect to amend his complaint. If plaintiff amends his complaint, I will delay serving any defendant and will screen his amended complaint in due course. Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his Eighth Amendment claim and negligence claim against Wamble, Robarge, Matteson, and the "Doe" defendants solely in their individual capacities, or he must file an

4

amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

    2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   February 26, 2025                                   
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE