UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN DAVID JOHNSON, | Case No.  2:24-cv-2838-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| G. MATTESON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se with this section 1983 action, has motioned for appointment of counsel.  ECF No. 18.  His motion is denied.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113

1

F.3d at 1525 (internal quotation marks and citations omitted).

Here, plaintiff has not identified any exceptional circumstances requiring the appointment of counsel. He references only his incarcerated status and inability to afford counsel, ECF No. 18 at 1, but these limitations are common to every *pro se* prisoner litigant, and I cannot appoint counsel for all of them.

It is, therefore, ORDERED that plaintiff's motion to appoint counsel, ECF No. 18, is DENIED.

IT IS SO ORDERED.

Dated:   June 9, 2026                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

2